UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BEGASHAW; ENDALE TESSEMA,<br><br>Defendants. | Case No. 2:22-cv-02081-KJM-JDP<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL BEGASHAW BE GRANTED<br><br>ECF No. 24 |

Plaintiff New York Life Insurance Company brought this interpleader action pursuant to 28 U.S.C. § 1335 to determine the proper recipient of a death benefit that is due and payable under a life insurance policy that plaintiff issued to the insured, Mariamawit Tessema, before her death in 2021. ECF No. 1. The complaint names two of Tessema's family members as defendants: her son, Michael Begashaw, and her father, Endale Tessema ("Endale").[1] At issue is plaintiff's motion for default judgment against defendant Begashaw, who failed to file a response after service of the complaint. *See* ECF Nos. 15 & 24.

On June 13, 2024, counsel for plaintiff and defendant Endale appeared for a status

---

[1] To avoid confusion, I refer to Mariamawit Tessema as "Tessema" and Endale Tessema as "Endale." I also note that the complaint originally named the estate of Ms. Tessema as a defendant, and the district judge dismissed the estate from the action on February 5, 2024. *See* ECF Nos. 1, 23, 31.

1

1   conference. ECF No. 39. I advised plaintiff's counsel that the court lacked jurisdiction because
2   plaintiff had not deposited the death benefit with the court, a jurisdictional requirement for
3   statutory interpleader. Plaintiff subsequently deposited the fund. After reviewing the record, I
4   recommend granting the motion for default judgment against defendant Begashaw, as explained
5   below.

**Background**

Plaintiff issued a life insurance policy to Mariamawit Tessema that provided $35,000 as a death benefit. ECF No. 1 ¶ 10. Tessema designated her son, Michael Begashaw, as the sole beneficiary. *Id.* ¶ 9; ECF No. 1-1.

On July 23, 2021, Tessema died as a result of multiple sharp force injuries, and the policy's death benefit became due and payable. ECF No. 1 ¶ 13; ECF No. 1-4. Plaintiff asserts that Begashaw was arrested and charged with her murder. Because Begashaw was a minor at the time of his arrest, he was housed at the Youth Detention Facility ("YDF") in Sacramento and remains incarcerated there.[2] ECF No. 1 ¶ 15; ECF No. 24-1 ¶ 3.

Under California's "slayer statute," a named beneficiary of a life insurance policy "who feloniously and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy, . . . and it becomes payable as though the killer had predeceased the decedent." Cal. Prob. Code § 252. Plaintiff asserts that, since Begashaw remains in custody, "his involvement in [Tessema's] death has not been ruled out." ECF No. 1 ¶ 16. If Begashaw is found to have intentionally killed his mother, he would be disqualified from receiving the death benefit under the "slayer statute," and plaintiff would be required to pay the amount to another beneficiary in accordance with the policy's terms. ECF No. 1 ¶¶ 18-19.

The policy states that, if there is no beneficiary at the time of the insured's death, "the benefit will be payable to the insured's estate, or at [plaintiff's] option to the insured's surviving relative(s) in the following order of survival: spouse or domestic partner as defined by law, as

---

[2] When filing the motion for default judgment on November 30, 2023, plaintiff's counsel stated in a supporting declaration that Begashaw was being held at the YDF pending his criminal trial for Ms. Tessema's murder. ECF No. 24-1 ¶ 3. There is no indication in the docket that Begashaw has been released from custody or was transferred to a different facility.

applicable; children equally; parents equally; or brothers and sisters equally." ECF No. 1-5 at 2. Plaintiff has determined that Tessema's father, Endale, is her closest surviving relative in the event that Begashaw is legally barred from receiving the death benefit. ECF No. 1 ¶ 3; ECF No. 24 at 4.

Faced with the uncertainty of Begashaw's entitlement to the death benefit and to avoid exposure to multiple liability, on November 16, 2022, plaintiff filed the complaint in interpleader under 28 U.S.C. § 1335. ECF No. 1 ¶ 20. Plaintiff asserts that it cannot determine "factually or legally" who is entitled to receive the death benefit. *Id.* The complaint seeks entry of judgment: (1) requiring defendants to litigate their claims between themselves for the death benefit; (2) permanently enjoining defendants from bringing any proceeding in any forum against plaintiff involving the death benefit or the policy; (3) requiring that defendants or the court settle the claims and determine which individual should receive the death benefit; and (4) discharging plaintiff from all further liability to defendants relating to the policy or death benefit upon deposit of the death benefit with the court. ECF No. 1 at 5-6.

On August 7, 2023, a senior deputy probation officer personally served Begashaw by hand-delivering a copy of the complaint and summons.[3] ECF No. 15; ECF No. 24-1 at ¶ 3. Begashaw did not file a response to the complaint, and the deadline for doing so has long passed.[4] Pursuant to plaintiff's request, the Clerk of Court entered default on November 2, 2023. ECF

---

[3] Plaintiff filed two motions to extend time to serve, which the district judge granted. ECF Nos. 9-13. In a joint status report, plaintiff explained that because Begashaw's juvenile court records are confidential, it was difficult to ascertain his location. ECF No. 18 at 3-4; *see City of Eureka v. Superior Ct.*, 1 Cal. App. 5th 755, 761, 205 Cal. Rptr. 3d 134 (Cal. App. 5 Dist. 2016) (noting that California juvenile court records generally are confidential with certain exceptions). Ultimately, plaintiff filed a petition in the Sacramento County Superior Court seeking disclosure of Begashaw's juvenile case file pursuant to California Welfare & Institutions Code § 827(a)(1)(Q). ECF No. 18 at 4. Begashaw's attorney objected to the petition but eventually provided a service address at the YDF after negotiations with plaintiff's counsel. *Id.*

[4] The docket reflects that defendant Endale is a citizen of Ethiopia, and that he waived service on December 1, 2022. ECF Nos. 5, 17, 17-1. Endale submitted a letter addressed to the court confirming his participation in this action, which the parties stipulated to construe as his answer to the complaint. ECF Nos. 17, 17-1, 19, 22, 29. The district judge appointed counsel for Endale "for the limited purpose of representing defendant with respect to taking steps to receive the death benefit relative to the Estate of Mariamawit Tessema." ECF No. 25.

Nos. 20 & 21.  Plaintiff then moved for default judgment against Begashaw.  ECF No. 24.  Plaintiff asserts that the motion seeks equitable relief in the form of entry of judgment: (1) discharging plaintiff from any and all liability to Begashaw regarding the policy and the death benefit; (2) enjoining Begashaw from bringing any action or claim in any forum against plaintiff that relates to the policy or death benefit; and (3) releasing all claims, rights, interests and actions between Begashaw and plaintiff with respect to the policy or death benefit.  *Id.*; ECF No. 24-2 at 2.

After plaintiff filed the motion for default judgment, the undersigned directed plaintiff to deposit the death benefit with the court in accordance with Local Rule 150 and Federal Rule of Civil Procedure 67.  *See* ECF No. 32.  The docket reflects that on August 12, 2024, plaintiff deposited the death benefit, including interest, with the Clerk of Court in an interest-bearing account.[5]  *See* docket entry on 08/12/2024 (receipt number 200008521 for $36,575.97); ECF Nos. 40, 41.

**Legal Standard**

Obtaining a default judgment is a two-step process.  Under Rule 55(a), the court clerk enters default when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once the clerk enters default, a plaintiff may apply to the district court for a default judgment under Rule 55(b).  *See* Fed. R. Civ. P. 55(b)(2).  An initial entry of default by the court clerk, however, does not automatically entitle a plaintiff to a court-ordered judgment.  "[T]he general rule [is] that default judgments are ordinarily disfavored."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted).  "Whenever it is reasonably possible, cases should be decided upon their merits."  *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (citation omitted).  Additionally, a court may enter default judgment "against a minor or incompetent person only if represented by a general

---

[5] Pursuant to the stipulation to deposit funds and for interpleader relief filed by counsel for plaintiff and Endale, the district judge ordered that upon the deposit of the death benefit: plaintiff was discharged from any and all liability to Endale concerning the policy or death benefit; Endale was permanently enjoined from bringing any action or claim in any forum involving plaintiff and relating to the policy or death benefit; and all claims or interests that Endale might otherwise have held against plaintiff concerning the policy or death benefit were released.  *See* ECF No. 41 at 2.

1  guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2).

2  The decision to grant or deny a default judgment is within the court's discretion. *See Eitel*, 782 F.2d at 1471. When exercising this discretion, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the pleading, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong public policy favoring decisions on the merits. *See id.* at 1471-72. In this context, all well-pleaded allegations of the complaint are taken as true, except for those concerning the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted).

**Discussion**

**A.    Jurisdiction, Service, and Status of Defendant**

Before determining whether the *Eitel* factors support entry of default judgment, the undersigned first addresses the questions of jurisdiction and service of process. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). As noted above, plaintiff's complaint invokes statutory interpleader under 28 U.S.C. § 1335. District courts have original jurisdiction over statutory interpleader actions if: (1) the amount in dispute exceeds $500; (2) there are two or more adverse claimants of diverse citizenship; and (3) the plaintiff has deposited the money or property in dispute into the registry of the court or posts an adequate bond. *See* 28 U.S.C. § 1335(a)(1). The jurisdictional requirements are met in this case: the death benefit is $35,000; the defendants are diverse, as Begashaw is a citizen of California and Endale is a citizen of Ethiopia; and plaintiff has deposited the insurance proceeds with the court.

The undersigned also finds that service of process was sufficient. Pursuant to 28 U.S.C. § 2361, the nationwide service of process provision, "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." The proof of service shows that Begashaw

5

was personally served with a copy of the complaint and summons. ECF No. 15; *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (internal quotation marks and citation omitted).

Neither does it appear that Begashaw's status precludes entry of default judgment against him. In connection with plaintiff's request for entry of default under Rule 55(a), plaintiff's counsel submitted a declaration stating that, to the best of his knowledge and belief, Begashaw is not legally incompetent; is not a minor, although he was a minor at the time of Tessema's death; and is not in active military service. ECF No. 20-1 ¶¶7-9; *see* Fed. R. Civ. P. 55(b)(2).

**2.      *Eitel* Factors**

**A.      Possibility of Prejudice to Plaintiff**

Considering the first *Eitel* factor, if default judgment is not entered against Begashaw, plaintiff would suffer prejudice because it would be denied the principal benefits of an interpleader action which are "to protect stakeholders from multiple liability" and to avoid "the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000); *see also Eitel*, 782 F.2d at 1471. Denying entry of default judgment would, in turn, deny plaintiff the "certainty and finality that judgment in an interpleader is intended to provide." *Transamerica Life Ins. Co. v. Est. of Ward*, 2011 WL 5241257, at *3 (E.D. Cal. Oct. 31, 2011). This factor weighs in favor of granting plaintiff's motion for default judgment.

**B.      Merits of Plaintiff's Claims and the Sufficiency of the Complaint**

The undersigned next considers the merits of plaintiff's claims and the sufficiency of the complaint. These factors are often treated as the most important and can be analyzed together, as they ask whether the allegations in the complaint "are sufficient to state a claim on which the [plaintiff] may recover." *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Fed. Nat. Mortg. Ass'n v. George*, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010).

The requirements for an interpleader action have been met when there is "a single fund at issue" and "there are adverse claimants to that fund." *Mack v. Kuckenmeister*, 619 F.3d 1010,

1023 (9th Cir. 2010) (quotations and citation omitted).  Plaintiff's complaint alleges that defendants have competing claims to the death benefit that could expose plaintiff to multiple liabilities.  Plaintiff has deposited the amount due under the policy with the court, and there is no indication of bad faith on plaintiff's part.  Additionally, plaintiff asserts in the motion that it only seeks equitable relief, including its discharge from any further liability to defendants in connection with the policy and death benefit, and that "[t]he issue of who is entitled to receive the Death Benefit is . . . to be advanced by the Defendants, and the Company takes no position on this issue."  ECF No. 24 at 6.  Accordingly, as plaintiff seeks protection from potentially conflicting claims of the interpleader defendants, the undersigned finds that the second and third *Eitel* factors weigh in favor of granting default judgment.

### C.     Sum of Money at Stake

The fourth *Eitel* factor, the sum of money at stake, does not weigh in favor or against the entry of default judgment.  This factor is neutral because plaintiff is not asserting an interest in the death benefit and, instead, has deposited the funds with the court.  *See Transamerica Life Ins. Co. v. Est. of Ward*, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011).

### D.     Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor considers whether a dispute exists regarding material facts.  *Eitel*, 782 F.2d at 1471-72.  Because Begashaw is in default, all of plaintiff's well-pleaded factual allegations in the complaint are taken as true.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18.  Plaintiff has adequately stated a claim in interpleader, and it appears that Begashaw is unlikely to dispute those grounds.  As discussed above, plaintiff is a disinterested party with no claim to the insurance proceeds and has asked the court to adjudicate the disbursement of the death benefit in accordance with the policy.  *See Principal Life Ins. Co. v. Est. of Diaz*, 2024 WL 35453, at *4 (E.D. Cal. Jan. 3, 2024).  This factor favors default judgment.

### D.     Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect.  *Eitel*, 782 F.2d at 1472.  Begashaw was personally served on August 7, 2023, at the YDF.  ECF No. 15.  The Clerk of Court entered default on November 2, 2023.  ECF No. 21.  Plaintiff moved for

1  default judgment on November 30, 2023. ECF No. 24. Although plaintiff has failed to defend
2  himself, the undersigned is aware that he has been incarcerated in a juvenile facility throughout
3  the pendency of this case. It is not apparent if his criminal prosecution is still ongoing, or if the
4  juvenile court made a determination as to his culpability. Under these circumstances, the
5  undersigned concludes that this factor is neutral.

### E. Policy Disfavoring Default Judgment

The seventh *Eitel* factor concerns the policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. Numerous district courts have concluded, however, that this policy, standing alone, is not dispositive, especially when a defendant fails to appear. *See Transamerica Life Ins. Co.*, 2011 WL 5241257 at *4 (listing cases). Accordingly, this factor does not preclude the entry of default judgment.

While the factors weigh in favor of default judgment, the undersigned notes that plaintiff's proposed order on the motion for default judgment does not seek a determination concerning the rightful beneficiary of the death benefit. *See* ECF No. 24-2. And under the circumstances of this case, where the record lacks facts that conclusively establish that Begashaw is disqualified by operation of law from receiving the death benefit, it appears that such a determination would be premature. *See Principal Life Ins. Co. v. Est. of Diaz*, 2024 WL 35453, at *5 (E.D. Cal. Jan. 3, 2024) (recommending that entry of default judgment against the interpleader defendant who, as only a suspect in insured's killing, was not legally disentitled to benefits, and finding "it would be premature . . . to adjudicate the issue of who among the Interpleader Defendants is rightfully entitled to the benefits under the Policies"). Even though Begashaw, after defaulting, is deemed to have admitted the well-pleaded allegations in the complaint, those facts only show that he would be barred from receiving the death benefit *if* he is found to have intentionally killed Tessema. At this time, there is no indication in the record that the juvenile court made such a determination. *See State Farm Life Ins. Co. v. Ablaza*, 2021 WL 4077980, at *2 (N.D. Cal. Sept. 8, 2021) (denying motion for default judgment as premature because the complaint's allegations showed that the interpleader defendant "may be entitled to the policy proceeds in the future, depending on the outcome of the criminal proceedings against him"); *UNUM Life Ins. Co. of Am.*

8

*v. Jace*, 2016 WL 11747187, at *2 (C.D. Cal. Feb. 23, 2016) (denying default judgment because the complaint's allegations did not establish that the beneficiary was convicted of murdering the insured and thereby disentitled from receiving insurance benefits).

Accordingly, it is RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 24, be granted and that default judgment be entered against defendant Begashaw. The entry of default judgment, however, shall not be construed as a determination of the rightful beneficiary to the death benefit.

2. Plaintiff be discharged from any and all liability to defendant Begashaw regarding the life insurance policy issued to Mariamawit Tessema and the death benefit under the policy.

3. Defendant Begashaw be permanently enjoined from bringing any action or proceeding in any forum against plaintiff relating to the life insurance policy issued to Mariamawit Tessema's or the death benefit under the policy.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

9